(21 Misc. Rep. 337.)

TIMM v. J. G. ROSE CO.

(Supreme Court, Appellate Term.    October 1, 1897.)

1. DECLARATIONS OF AGENT—ADMISSIBILITY AGAINST PRINCIPAL.
    An agent cannot bind his principal by declarations in regard to a contract previously entered into by the principal.
2. LEASES—ASSIGNMENT—LIABILITY FOR RENT.
    A lessee is liable to the lessor for rent on his agreement.    The liability of the lessee's assignee arises out of privity of estate.
3. SAME—AGENTS—PERSONAL LIABILITY.
    A third person, who has never been in possession of demised premises, has no interest therein, and has merely promised the landlord that he will pay the rent so long as he continues to be the tenant's agent, and receives money from the tenant for that purpose, is not bound thereby to pay the rent after the agency has ceased, and the money received therefor is exhausted.
4. STATUTE OF FRAUDS—GUARANTIES.
    Where, pending the term of a lease, a mere third party promises the landlord that the tenant's rent shall be paid, the promise is void (2 Rev. St. [9th Ed.] p. 1886, § 2; now Personal Property Law, § 21) unless in writing.

Appeal from First district court.

Action by John H. Timm against the J. G. Rose Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Blackwell Bros., for appellant.

J. Callahan, for respondent.

McADAM, J. The plaintiff made a lease to one Flanney of the premises No. 385 Bleecker street at $90 a month, which rental was subsequently reduced to $75 by plaintiff consenting to waive the difference ·on account of the Raines law. The date and term of the demise do not appear. About July 12, 1896, the lease was assigned to James Mulligan, who went into possession, and occupied the premises from that date during the period for which the rent sued for is claimed. After Mulligan took possession, the plaintiff's son called on him for the rent, and was told to go to the defendant for it. He went to the defendant, and Mr. Rose, the president of the corporation, said, in substance, that "they" would pay the rent; that Mulligan was largely indebted to his company, and it was to "their" interest to see that he remained in possession; that "they" would see the rent paid, and would pay it, and protect "themselves," as long as Mulligan was in the premises. The letter written by Rose after the arrangement with him was made may have been material to corroborate the plaintiff and contradict Rose's evidence concerning its terms, but it does not establish a corporate liability against the defendant. See Wood Mowing & Reaping Mach. Co. v. Pearson (Sup.) 19 N. Y. Supp. 485. The defendant paid rent down to and including March, 1897, and the action is to recover the April and May rent. In order to determine the defendant's liability, we must ascertain what relation the defendant bore to the demised premises, and the character of the obligation it intended to assume. Flanney, as tenant, was liable on his agreement to pay contained in the lease, and Mulligan, as assignee, on the privity of estate. The defendant was never in possession of the premises, had no interest therein, and, so far as the evidence discloses, acted merely as Mulligan's agent respecting the payment of the rent, paying it because he was its customer, and it wanted to continue his trade, and collect what he owed it on merchandise account. Rose testified that Mulligan owed the defendant from $902 to $1,400; that Mulligan was in the habit of bringing to the company's office, from time to time, different sums of money, some of which were credited on his account, and others applied to the payment of the rent; that in March, 1897, he came to the office, and used vile language, whereupon Rose determined to discontinue paying the rent, and so informed the plaintiff. To construe the defendant's relation to the transaction otherwise than as merely the agent of Mulligan, would be to regard its act as a guaranty of payment of Mulligan's debt, void by statute, because not in writing. 2 Rev. St. (9th Ed.) p. 1886, § 2. Construing the defendant's promise to pay in the light of the evidence, it means that, so long as it acted as Mulligan's agent, and he furnished the money to discharge the rent, the defendant would pay it over to the plaintiff. There is no proof that Mulligan furnished any money with which to

pay the April or May rent.     He testified that, although he may have told Mr. Timm that he did give the defendant the April rent, such was not the truth, and that the money paid by him to the defendant in April was in fact on merchandise account.     Under the circumstances it is difficult to find any solid, legal ground for holding the corporation liable for the rent claimed, and the justice properly found for the defendant.

Judgment affirmed, with costs.     All concur.